**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **ANTHONY MARTIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-2024 |
| ) | |
| **SHERIFF OF CHAMPAIGN COUNTY, et al.,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On February 6, 2006, Petitioner Anthony Martin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In his petition, Martin states, "This case was resolved 25 years ago." Martin indicates that he received a four month sentence on a contempt of court conviction in the Champaign County Circuit Court. The petition further states this conviction was appealed to the Illinois Fourth District Court of Appeals. Martin indicates he does not know whether an appeal was filed with the Illinois Supreme Court or whether any post-conviction petitions were filed, although he is contemporaneously filing new petitions.  The court has not ordered a response to the petition. "Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of petitions and dismiss unworthy requests for habeas corpus relief."  Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed by a person in state custody.  28 U.S.C. § 2244 (d)(1).  § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

      Martin admits in his petition that the case which forms the basis of the instant petition was resolved 25 years ago. Thus, pursuant to §2254(d)(1)(A), this petition is filed over twenty years past the running of the statute of limitations. None of the alternative dates to start the statute of limitations provided in § 2244(d) apply. Finally, there is nothing in Martin's petition to indicate there were properly filed state post-conviction petitions pending over all these years to toll the application of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).

IT IS THEREFORE ORDERED:

      (1) Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

      (2) This case is terminated.

      ENTERED this 7th day of February, 2006

      **s/ Michael P. McCuskey**
      MICHAEL P. McCUSKEY
      CHIEF U.S. DISTRICT JUDGE